1
2
3
4
5
6
7

8      **UNITED STATES DISTRICT COURT**

9      **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    KENYATTA QUINN MITCHELL,                Case No. 20cv919-MMA-AHG

12                              Plaintiff,     **ORDER GRANTING MOTION TO**
13                                             **PROCEED IN FORMA PAUPERIS;**
14    v.
                                               [Doc. No. 7]
15
16    CHULA VISTA PAROLE,                      **DISMISSING COMPLAINT FOR**
                                               **FAILING TO STATE A CLAIM**
17                              Defendant.      **PURSUANT TO 28 U.S.C. § 1915(e)(2)**
                                               **AND 28 U.S.C. § 1915A(b)**
18
19
20

21          On May 15, 2020, Plaintiff Kenyatta Quinn Mitchell, a California prisoner

22    proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging

23    Defendant "Chula Vista Parole" failed to protect him from an individual who was on

24    parole in Chula Vista, California.  *See* Doc. No. 1.  Plaintiff filed a Motion to Proceed In

25    Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.  On July 31,

26    2019, the Court denied his IFP motion as insufficiently supported.  *See* Doc. No. 3.

27    Plaintiff has now filed a renewed IFP motion.  *See* Doc. No. 7.

1

1    **I.      IFP Motion**

2          All parties instituting any civil action, suit or proceeding in a district court of the

3    United States, except an application for writ of habeas corpus, must pay a filing fee of

4    $400.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to

5    prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

6    § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section

7    1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified

8    copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month

9    period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2);

10   *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

11         From the certified trust account statement, the Court assesses an initial payment of

12   20% of (a) the average monthly deposits in the account for the past six months, or (b) the

13   average monthly balance in the account for the past six months, whichever is greater,

14   unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).

15   The institution having custody of the prisoner then collects subsequent payments,

16   assessed at 20% of the preceding month's income, in any month in which his account

17   exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.

18   *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629. Prisoners who are granted leave to

19   proceed IFP remain obligated to pay the entire fee in monthly installments regardless of

20   whether their action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S.  ___, ___, 136

21   S. Ct. 627, 629 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844,

22   847 (9th Cir. 2002).

23         In support of his IFP Motion, Plaintiff has submitted a copy of his California

24   Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report

25   attested by a CDCR trust account official.  *See* Doc. No. 7 at 4–5.  This document shows

26   he had average monthly balance of $0.00 for the 6-months preceding the filing of this

27   action, and an available balance of $0.00 at the time of filing.  *See id.* at 5.  The Court

therefore **GRANTS** Plaintiff's Motion to Proceed IFP, declines to exact any initial filing fee because his prison certificates indicate he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.    Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.    Standard of Review

Because Petitioner is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**B.      Plaintiff's Allegations**

Plaintiff contends that on May 28, 2016 an "individual"[1] who was "a parolee of the Chula Vista Parole, knowingly violated a protective order that had been obtained by the Plaintiff's girlfriend.  Plaintiff states the restraining order was in effect because the parolee had exhibited "violent propensities toward the girlfriend." *Id.*  Plaintiff states that, on May 28, 2019, he became "inadvertently involved" in an on-going domestic dispute between the parolee and Plaintiff's girlfriend. *Id.*  The parolee began sending Plaintiff threatening text messages and "over the course of the next eight weeks, the parolee on numerous occasions violated the restraining order while under the supervision of the Chula Vista Parole and those parole agents were negligent while under color of state law." *Id.*

Plaintiff alleges further that sometime between June 1 and June 10, 2016, he had another "encounter" with the parolee at the Metropolitan Transit Center in Mira Mesa, California.  Plaintiff states the parolee followed him and his girlfriend to the bus station.  Plaints states he "declined to contact the authorities about the violation of the retraining order." *Id.* at 3.  The parolee purportedly "assaulted the plaintiff's girlfriend trying to trip the girlfriend into on-coming traffic." *Id.* at 3.  Plaintiff claims he feared "for his safety and the safety of the girlfriend." *Id.* at 2.  Plaintiff and his girlfriend went to the other side of the street "to board a different bus," in an attempt to avoid the parolee.  Ultimately, Plaintiff and his girlfriend were able to "leave the immediate area." *Id.* at 3.

Next, sometime between June 20 and June 30, 2016, Plaintiff and his girlfriend were at the Metropolitan Transit System at the Carlsbad Mall when they "again encountered the parolee." *Id.* at 3.  Plaintiff alleges that on this occasion, "the parolee was a bit more aggressive and assaulted the plaintiff." *Id.* at 3.  "The parolee grabbed the

---

[1] Plaintiff does not name the purported assailant, describing him only as a "parolee" who had previously been in a relationship with Plaintiff's then-girlfriend, who Plaintiff also does not name.  Doc. No. 1 at 2.

plaintiff by his shirt, ripping it, then proceeded to strike the plaintiff in his face," while his girlfriend looked on "in fright." *Id.* at 3.  After this incident, Plaintiff and his girlfriend "contacted the parole officer to report the parolee violating the restraining order." *Id.* at 3.

Plaintiff contends Defendant violated his constitutional right to due process and equal protection. *Id.* at 4.  He further alleges Defendant is liable for "negligent intentional tort and discrimination." *Id.*  He seeks "declaratory and injunctive relief" from Defendant.  Specifically, he seeks a "declaration that the acts and omissions described [in the Complaint] violated the plaintiff's rights under the Constitution and laws of the United States. *Id.* at 4.

## C.   Analysis

### 1.   Municipality Liability

To the extent that Plaintiff names the "Chula Vista Parole" ("CVP") as the sole Defendant, he fails to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement agency, like the CVP, are not proper parties.  *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96.  The CVP is a law enforcement agency or department of the City of Chula Vista, but it is not a "person" subject to suit under § 1983.  *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th

Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e*., Sacramento County).

To the extent Plaintiff also asserts a claim against the City of Chula Vista itself, his allegations are also insufficient.  A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The City of Chula Vista may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully.  *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014).  Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

Accordingly, all claims against the CVP are subject to dismissal based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted.

/ / /

1

## 2.     Substantive Due Process

2        Even if Plaintiff were able to identify an individual whom he claims is responsible

3    for the alleged violations of his constitutional rights, he has failed to state a claim.  To the

4    extent that Plaintiff alleges his substantive due process rights were violated by

5    Defendant's failure to protect him from the subject of a restraining order obtained by a

6    third party, he fails to state a claim.  The Supreme Court has held the Due Process Clause

7    generally does not confer any "affirmative right to governmental aid, even where such aid

8    may be necessary to secure life, liberty, or property interests of which the government

9    itself may not deprive the individual."  *DeShaney v. Winnebago Cnty. Dep't of Soc.*

10   *Servs.*, 489 U.S. 189, 196 (1989).  The Court further explained,

11          "[N]othing in the language of the Due Process Clause itself requires the
             State to protect the life, liberty, and property of its citizens against invasion
12          by private actors. The Clause is phrased as a limitation on the State's power
             to act, not as a guarantee of certain minimal levels of safety and security. It
13          forbids the State itself to deprive individuals of life, liberty, or property
             without 'due process of law,' but its language cannot fairly be extended to
14          impose an affirmative obligation on the State to ensure that those interests
15          do not come to harm through other means.

16

17   *Id*. at 195.  Accordingly, "a State's failure to protect an individual against private

18   violence simply does not constitute a violation of the Due Process Clause."  *Id*. at

19   197; *see also Hamilton v. Aubrey*, 2008 WL 1774469, at *5 (D. Nev. April 15,

20   2008) ("The basis of plaintiff's constitutional claim is that she had a right to be

21   insulated from violence by a third party. . . This is clearly not a protectable liberty

22   interest under *DeShaney*.").

23        There are two exceptions to this general rule.  The first – the "special relationship"

24   exception – arises "when the State takes a person into custody and holds him there

25   against his will."  *DeShaney*, 489 U.S. at 199.  For example, the Due Process Clause

26   "requires the State to provide adequate medical care to incarcerated prisoners" and "to

27   provide involuntarily committed mental patients with such services as are necessary to

1   ensure their 'reasonable safety' from themselves and others." *Id*. (citing, respectively,

2   *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976), and *Youngberg v. Romeo*, 457 U.S. 307,

3   314-25 (1982)).  However, "the affirmative duty to protect arises not from the State's

4   knowledge of the individual's predicament or from its expressions of intent to help him,

5   but from the limitations which it has imposed on his freedom to act on his own behalf,

6   through imprisonment, institutionalization, or other similar restraint of personal liberty."

7   *DeShaney*, 489 U.S. at 190.  As such, "[t]he special-relationship exception does not apply

8   when a state fails to protect a person who is not in custody."  *Patel v. Kent Sch. Dist*., 648

9   F.3d 965, 972 (9th Cir. 2011).

10   The second exception to the general rule that the Due Process Clause does not

11   obligate the government to ensure an individual's safety – the "danger creation"

12   exception – arises when "state action creates or exposes an individual to a danger which

13   he or she would not have otherwise faced."  *Kennedy v. City of Ridgefield*, 439 F.3d

14   1055, 1061 (9th Cir. 2006); *see also Munger v. City of Glasgow Police*, 227 F.3d 1082,

15   1086 (9th Cir. 2000) (the "danger creation" exception arises when state officials leave the

16   plaintiff "in a situation that was more dangerous than the one in which they found him").

17   Under this exception, the plaintiff must show "affirmative conduct on the part of the state

18   in placing the plaintiff in danger" and that the government official "acted with deliberate

19   indifference to a known or obvious danger."  *Patel*, 648 F.3d at 974 (internal quotation

20   marks and citations omitted).

21   Neither of these exceptions applies here.  The restraining order alleged to have

22   been in place in this case was obtained by Plaintiff's girlfriend against her ex-boyfriend.

23   Plaintiff was not involved nor was he in a "special relationship" with the State because he

24   was not in State custody at the time.  The "danger creation" exception also does not apply

25   because Plaintiff admits that they did not notify the parole agency about the first incident

26   and only informed them of the second incident *after* it occurred.  *See* Doc. No. 1. at 3.

27   There are no allegations that any individual with CVP was ever aware of the alleged

danger to Plaintiff because they failed to notify the CVP that the restraining order was purportedly being violated.

### 3.  Equal Protection

Plaintiff alleges that his right to equal protection has been violated but provides no specific factual allegations to support this claim.  The Fourteenth Amendment's Equal Protection Clause requires that persons similarly situated be treated alike.  *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  A plaintiff must show that the defendant has intentionally discriminated against the plaintiff on the basis of his membership in a protected class.  *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, Plaintiff must allege that Defendants' actions were a result of his membership in a suspect class such as race, religion, or alienage.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here, while Plaintiff alleges that he was intentionally discriminated against, he does not allege to be a member of any suspect class, and he fails to allege Defendants took any action against him based on his membership in any suspect class.  Accordingly, Plaintiff's Equal Protection claims are subject to dismissal.

### 4.  Statute of Limitations

Finally, the Court finds that Plaintiff's claims, alleged to arise in 2016, are subject to sua sponte dismissal because they are time-barred.

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'"  *Von Saher v. Norton Simon Museum of Art at*

*Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'"  *Id.* (quoting *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir. 1995)).

Section 1983 contains no specific statute of limitation; therefore, federal courts apply the forum state's statute of limitations for personal injury actions.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).  Before 2003, California's statute of limitations was one year.  *Jones*, 393 F.3d at 927.  Effective January 1, 2003, the limitations period was extended to two.  *Id.* (citing Cal. Civ. Proc. Code § 335.1). The law of the forum state also governs tolling.  *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues).  "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages."  *Wallace*, 549 U.S. at 391.  Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful acts" alleged to have been taken against Plaintiff occurred four years prior to filing this action, and thus, are outside California's statute of limitations.  Based on the allegations in his Complaint, the Court concludes Plaintiff had

1    "reason to know" of his claims in 2016, four years before he filed this case on May 15,

2    2020 which is two years after the limitations period applicable to his claims elapsed.  *See*

3    *Maldonado*, 370 F.3d at 955.

4          Plaintiff's claims could be considered timely if, in his Complaint, he alleged facts

5    sufficient to show the limitations period may be equitably tolled.  *See Cervantes*, 5 F.3d

6    at 1276-77.  Generally, federal courts also apply the forum state's law regarding equitable

7    tolling.  *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.

8    1988).  Under California law, however, Plaintiff must meet three conditions to equitably

9    toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his

10   situation must be the product of forces beyond his control; and (3) Defendants must not

11   be prejudiced by the application of equitable tolling.  *See Hull v. Central Pathology Serv.*

12   *Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of*

13   *California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

14         Plaintiff has failed to plead any facts which, if proved, would support any plausible

15   claim for equitable tolling.  *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679.

16   Accordingly, the Court finds that because it is clear from the face of Plaintiff's

17   Complaint, as it is currently alleged, that his claims against Defendants are barred by the

18   statute of limitations, those claims are subject to sua sponte dismissal for failing to state a

19   claim upon which section 1983 relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii);

20   1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

21         **D.    Leave to Amend**

22          While the Court would normally grant leave to amend in order for Plaintiff to

23   correct the deficiencies of pleading identified and to allege facts to support a finding of

24   equitable tolling, the Court finds that granting further leave to amend would be futile in

25   this matter for the reasons set forth above.  *See Gonzalez v. Planned Parenthood*, 759,

26   F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial

27   of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

### E.    Request for Injunctive Relief

Plaintiff has filed a "Declaration" in which he claims he has been subjected to "excessive use of force and retaliation" at his current place of incarceration, California State Prison – Los Angeles County ("CSP-LAC").  Decl., Doc. No. 10 at 1.  Plaintiff seeks an order from this Court that the "Plaintiff remain in possession of his legal materials at all times."  *Id.* at 3.

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The court may not attempt to determine the rights of persons not before it.  *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983).  Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).  "The first factor under *Winter* is the most important—likely success on the merits."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).  In addition, "[u]nder *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d

1127, 1131 (9th Cir. 2011).

Here, and because Plaintiff's Complaint has not survived the initial *sua sponte* screening required by 28 U.S.C. § 1915(e)(2) and § 1915A, the United States Marshal has not been directed to effect service on his behalf, and the named Defendants have no actual notice of either of Plaintiff's Complaint or his motions seeking preliminary injunctive relief.  Therefore, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over any Defendant at this time.  *See* Fed. R. Civ. P. (a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28.  A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

Moreover, in conducting its initial screening, the Court has found Plaintiff's Complaint fails to state any claim upon which § 1983 relief can be granted and has dismissed it pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Additionally, the allegations in Plaintiff's Declaration are completely unrelated to the claims that he raises in this action and they are against individuals who have no role in the claims that he raises in his complaint.  Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims.  *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits….") (internal quotation marks and citation omitted); *Garcia*, 786 F.3d at 740 ("Because it is a threshold inquiry, when 'a plaintiff has failed to show the likelihood of success on the merits, [courts] 'need not consider the remaining three [*Winter* elements].'") (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)); *see also Williams v. Duffy, et al.,* Civil Case No. 18-cv-

06921-BLF, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019) ("[Having reached th[e] conclusion [that Plaintiff's complaint failed to state a claim], the Court need not reach the remainder of the *Winter* factors."); *Asberry v. Beard*, Civil Case No. 3:13-cv-2573-WQH JLB, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest (citing *Winter*, 555 U.S. at 20)).

Because Plaintiff has failed to serve the required notice upon the adverse parties and has not shown a likelihood of success on the merits, the Court **DENIES** his request for injunctive relief.  To the extent that Plaintiff claims his current conditions of confinement violate his constitutional rights, he must bring the appropriate action in the proper venue which is currently not the Southern District of California.

### III.   Conclusion and Orders

For the reasons discussed, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)

2.   **ORDERS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.   **DISMISSES** this civil action *sua sponte* based on Plaintiff's failure to state a

claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and **DENIES** leave to amend as futile.

5. **CERTIFIES** that an IFP appeal in this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

6. **DIRECTS** the Clerk of the Court to close the case.

**IT IS SO ORDERED**.

DATE: August 31, 2020

Hon. Michael M. Anello
United States District Judge