# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATTA QUINN MITCHELL,<br><br>  Plaintiff,<br><br>vs.<br><br>CHULA VISTA PAROLE,<br><br>  Defendant. | Case No. 3:20-cv-919-MMA-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT**<br><br>[Doc. No. 14] |

Plaintiff Kenyatta Quinn Mitchell, proceeding pro se and in forma pauperis ("IFP"), has filed a "Motion to Alter or Amend the Judgment" pursuant to Federal Rule of Civil Procedure 59(e). *See* Doc. No. 14. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I.  Procedural History

On May 15, 2020, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendant, "Chula Vista Parole" (CVP), failed to protect him from an individual who was on parole in Chula Vista, California. *See* Doc. No. 1. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), and a Motion to Appoint Counsel. *See* Doc. Nos. 2, 3. In his Complaint, Plaintiff alleged that

an "individual"[1] who was "a parolee of the Chula Vista Parole," knowingly violated a protective order that had been obtained by Plaintiff's then-girlfriend. Doc. No. 1 at 2. Plaintiff further alleged that on at least two occasions, the parolee harassed and threatened Plaintiff and his girlfriend, eventually culminating in a physical altercation, after which Plaintiff "contacted the parole officer to report the parolee [for] violating the restraining order." *Id.* at 3. Plaintiff asserted that CVP violated his right to due process and equal protection by failing to adequately protect him from the parolee. *See id.*

On May 26, 2020, the Court denied Plaintiff's IFP motion for lack of documentation and denied the motion for appointment of counsel. *See* Doc. No. 6. Plaintiff was given 45 days to either pay the filing fee or submit new IFP motion, supported by the proper documentation, including Plaintiff's trust account statement. *See id.* On June 8, 2020, Plaintiff filed a renewed Motion to Proceed IFP. *See* Doc. No. 7.

On August 31, 2020, the Court granted Plaintiff's IFP motion and, after screening the Complaint, dismissed the action without prejudice and without leave to amend, for failing to state a claim, pursuant to 28 U.SC. § 1915(e)(2) and 28 U.S.C. § 1915A. *See* Doc. No. 11. The Court concluded the Complaint must be dismissed for several reasons. First, the Court noted that Plaintiff named CVP as the sole defendant. Because municipal entities are not "persons" subject to suit under § 1983, a local law enforcement entity, like CVP, is not a proper party. *Id.* at 5. Further, the Court found that even if Plaintiff sought to raise a claim against the City of Chula Vista itself, his allegations were insufficient because a municipal entity may only be held liable under § 1983 if a plaintiff alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy of custom. *See id.* at 6. Plaintiff failed to allege such facts in his Complaint and failed to

---

[1] Petitioner does not name the purported assailant, describing him only as a "parolee" who had previously been in a relationship with Petitioner's then-girlfriend, who Plaintiff also does not name. *See* Doc. No. 1 at 2.

name individual employees of CVP.  The Court further determined that Plaintiff failed to state an equal protection claim, noting that "while Plaintiff alleges that he was intentionally discriminated against, he does not allege to be a member of any suspect class, and he fails to allege Defendant took any action against him based on his membership in any suspect class."  Doc. No. 11 at 9 (citing *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (stating that to state an equal protection claim, a plaintiff must show that the defendant has intentionally discriminated against the plaintiff on the basis of his membership in a protected class).)

      Some of these deficiencies in pleading are of course potentially curable through the allegation of additional facts.  However, the Court also found that "even if Plaintiff were able to identify an individual whom he claims is responsible for the alleged violations of his constitutional rights, he has failed to state a claim" because the Due Process Clause generally does not confer any "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual."  Doc. No. 11 at 7 (citing *Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) (holding that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause"); *see also Hamilton v. Aubrey*, 2008 WL 1774469, at *5 (D. Nev. April 15, 2008) ("The basis of plaintiff's constitutional claim is that she had a right to be insulated from violence by a third party . . . This is clearly not a protectable liberty interest under *DeShaney*.")).  This constitutes an incurable legal deficiency.

      Finally, the Court concluded the Complaint must be dismissed without leave to amend because Plaintiff's claims, alleged to have arisen in 2016, were time-barred and as such, subject to sua sponte dismissal for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(b)(1).  According to his own allegations, the "wrongful acts" alleged to have been taken against Plaintiff occurred four years prior to filing this action, and thus, were outside California's statute of limitations.

Also, according to his own allegations, Plaintiff had "reason to know" of his claims in June of 2016,[2] four years before he filed this case on May 15, 2020 and two years after the application limitations period had expired. Doc. No. 11 at 10 (citing *Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); Cal. Civ. Proc. Code § 335.1)). Where the face of a complaint makes clear that the plaintiff's claims are barred by the applicable statute of limitations, those claims are subject to dismissal without leave to amend because amendment would be futile. *See Platt Elec. Supply Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008); *see also* Doc. No. 11 at 11–12 (citing *Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995))). Accordingly, the Court dismissed Plaintiff's Complaint without prejudice and without leave to amend and directed the Clerk of Court to enter judgment accordingly. *See* Doc. No. 11 at 12.

Plaintiff now moves to "alter" the previously entered judgment pursuant to Federal Rule of Civil Procedure 59(e).[3] *See* Doc. No. 14.

## II. Motion for Reconsideration

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 59(e), a party may move for relief from judgment. *See* Fed. R. Civ. P. 59(e). "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998

---

[2] Plaintiff alleges the relevant incidents with the unnamed parolee took place "sometime between June 20 and June 30, 2016." Doc. No. 1 at 3.

[3] On October 13, 2020, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. *See* Doc. No. 15. On October 22, 2020, the Court of Appeals issued an order noting that Plaintiff's Rule 59(e) motion was currently pending before this Court and ordered the appellate proceedings held in abeyance pending resolution of the motion. *See* Doc. No. 18.

(9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).  This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).  Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  Put another way, "[a] motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-cv-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011).  The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge.  [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-cv-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)).

**B.    Discussion**

In his Motion, Plaintiff requests the Court reconsider its dismissal order.  *See* Doc. No. 14.  He argues that, contrary to the Court's conclusions in its dismissal order, he has stated cognizable due process and equal protection claims and provided adequate factual basis for his claims.  *Id.* at 2–4.  He further contends that his claims are not barred by the statute of limitations.  *Id.* at 5–6.

As an initial matter, the Court notes that Plaintiff does not seek reconsideration based on newly discovered evidence or any intervening change in controlling law.  *See Ybarra*, 656 F.3d at 998.  Instead, Plaintiff appears to seek reconsideration on the grounds

that the Court committed clear error. *See id.* at 3–6. First, he contends that the Court improperly dismissed his Complaint because, although he named only "Chula Vista Parole" as a defendant, he intends to sue defendants "individually and officially." *Id.* at 2. He states that "[individual] defendants have not been specifically named as of yet, but [Plaintiff] will find out this information soon at a state discovery hearing," after which he would seek to amend his Complaint accordingly. *Id.*

To the extent Plaintiff argues that naming "Chula Vista Parole" as the sole defendant was proper, he is incorrect for the same reasons discussed in this Court's dismissal order. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."). However, even assuming Plaintiff could amend his Complaint to add individual defendants, based on his factual allegations, he would still be unable to state a substantive due process claim based on his core allegations regarding the failure to protect him from the subject of a restraining order obtained by a third party.

Plaintiff argues that CVP's failure to protect him from a parolee "infringed on his liberty" because a third party had an order protection against the parolee. Doc. No. 14 at 3. But as the Court previously explained, the Due Process Clause of the Fourteenth Amendment generally does not confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney*, 489 U.S. at 196. And the "special-relationship exception" does not apply here because, not only was Plaintiff not protected by the restraining order, he was not in a "special relationship" with the state because he was not in state custody at the time. *See Patel v. Kent Sch. Dist.*, 648 F.3d

965, 972 (9th Cir. 2011).  Nor does the "danger creation" exception apply because, as Plaintiff admits, he did not notify the parole agency about the first incident and only informed them of the second incident *after* it occurred.  *See* Doc. No. 1 at 3, citing *Patel*, 648 F.3d at 974 (concluding a plaintiff must show "affirmative conduct on the part of the state in placing the plaintiff in danger" and that the government official "acted with deliberate indifference to a known or obvious danger")).

As for his equal protection claim, Plaintiff argues that the Court improperly concluded that he failed to state a claim because he was "part of a similarly situated group, in this case 'the public,'" when CVP "invidiously discriminated against [him]" by failing to protect him from the parolee.  Doc. No. 14 at 9.  As the Court previously discussed, in order to state a claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a *protected* class.  *Hartmann*, 707 F.3d at 1123.  Plaintiff now contends that his "claim of discrimination is appropriate because of [Plaintiff's] own unique situation in which he was on probation at the time . . . and therefore [his] liberty interest" was improperly infringed upon when CVP failed to protect him from a person on parole.  Doc. No. 14 at 11.  Plaintiff, however, fails to allege that these actions, even assuming they were intentional, were a result of his membership in a suspect class such as race, religion, or alienage.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff also contends the Court improperly concluded that his Complaint was barred by the statute of limitations.  He asserts that he is entitled to tolling "for two additional years while Plaintiff is a prisoner serving a determinate sentence."  Doc. No. 14 at 5.  As previously explained, because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Shedler*, 192 F.3d at 914.  In California, that is two years.  *See* Cal. Code Civ. P. § 335.1.  The law of the forum state also governs tolling.  *Wallace v. Kato*, 549 U.S. 384,

394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law). Plaintiff contends he is entitled to tolling of the statute of limitations "for an additional two years" under California Code of Civil Procedure § 352.1 because he is currently incarcerated. Doc. No. 14 at 5. However, such tolling only applies when a plaintiff was in custody "at the time the cause of action accrued." Cal. Code Civ. Pro. § 352.1(a). Here, Plaintiff was admittedly *not* in custody at the time of the June 2016 altercations that form the factual basis for the Complaint. *See* Doc. No. 1 at 1. Therefore, Plaintiff is not entitled to tolling of the statute of limitations under § 352.1 and as such, Plaintiff filed his Complaint almost two years after the two-year statute of limitations period expired.

Finally, Plaintiff contends that the Court erred in dismissing the Complaint without leave to amend. However, for the reasons discussed above, granting further leave to amend would have been futile in this matter based on multiple legal deficiencies with Plaintiff's claims, including a complete bar on those claims due to the expiration of the applicable statute of limitations. *See Gonzalez*, 759, F.3d at 1116 ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin*, 59 F.3d at 845). The Court undoubtedly would have granted Plaintiff leave to amend his claims if all of the identified pleading deficiencies were curable through amendment. The Court is always mindful of its duty to construe pro se pleadings liberally and afford the plaintiff any benefit of the doubt. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Nor may the Court disregard well-settled law establishing that if a plaintiff's allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In sum, for a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-cv-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016). Plaintiff has not done so here.

## III. Conclusion

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Reconsideration and **CERTIFIES** that an IFP appeal in this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Court **DIRECTS** the Clerk of Court to provide a copy of this order to the United States Court of Appeals for the Ninth Circuit and once again **CLOSE** the case.

**IT IS SO ORDERED**.

DATE: December 1, 2020

HON. MICHAEL M. ANELLO
United States District Judge